## Tax Claim Bureau Sale

*Marlyn F. Smith* and *High, Swartz, Roberts & Seidel*, for exceptant.

*Malcolm Campbell* and *Wells, Campbell, Reynier & Yohn*, for tax claim bureau.

QUINLAN, J., January 8, 1963.—The Tax Claim Bureau of Montgomery County, on May 29, 1962, exposed to sale the property in question which had been turned over to it by the commissioners of Montgomery County. The said sale was conducted pursuant to section 703 of Act of July 7, 1947, P. L. 1368, as amended, 72 PS §5860.703. On June 19, 1962, the tax claim bureau

filed its consolidated return seeking confirmation of the said sale and on August 20, 1962, the within exceptant filed his objections and exceptions to the confirming of such sale, alleging therein that the sale of the lot in question by the tax claim bureau was contrary to the statute and therefore illegal. The matter has come before us for argument and is now ready for decision.

It is the exceptant's position that the sale in question is contrary to the statute in that the sale was held more than three years after the Montgomery County commissioners had accepted the 1951 amendment (Act of May 16, 1951, P. L. 308) to the tax law in question. It is the contention of the tax claim bureau that the sale in question was conducted pursuant to the terms of the 1952 amendment to the tax law, which amendment does not by its terms impose such a time limitation for the holding of the sale. Exceptant admits and stipulates for purposes of this proceeding that the sale was properly held in accordance with the said 1952 amendment. They argue however, that it was the intention of the legislature that the three-year limitation imposed on sales conducted under the 1947 Act, as amended in 1951, was meant to be applied to sales conducted under the 1952 amendment also even though the terms of the 1952 amendment do not specifically place such a time limitation on the holding of the sale.

The original section 703 of the "Real Estate Tax Sale Law" which was enacted in 1947, gives to the tax claim bureau the authority to hold a public sale of certain property which has been turned over to it. Such sales are to be held at the request of certain taxing authorities which have turned the property over to the bureau and if no such request is made, then upon petition to the court, a judicial sale can be held at which title free and clear of all claims, liens, mortgages and estates can be given to the buyer. Under the terms of the 1947 Act

and the 1949 and 1951 amendments thereto, the bureau must sell county-owned property at a public (upset) sale if requested to do so by the taxing authorities. Such a sale must have a minimum or upset price fixed in accordance with section 605 of the tax law, 72 PS §5860.605. Also, the said upset sale would divest all those liens which are set forth in section 609 of the act, 72 PS §5860.609. The time limitation on such upset sales under the 1947 Act was not later than June 1, 1951. The 1949 and 1951 amendments to this act are in essence the same, the only difference being that the 1949 Act extended this time limitation to not later than two years after the act becomes effective as to the taxing district. The amendment enacted on May 16, 1951, extended this time limitation to not later than three years after the act has been accepted by the taxing district.

The amendment enacted on January 18, 1952, (section 7, Act of January 18, 1952, P. L. (1951) 2098) does not contain this three-year time limitation for the holding of the sales conducted under its provisions. This amendment created a new type of sale called a "Simple Public Sale." Under such a sale, there is to be no upset price or minimum price at which the property must be sold and the effect of such a sale is to divest only "the lien of tax claims and tax judgments." The amendment further gave the bureau discretionary power to sell at such a simple public sale or to sell at a judicial sale.

The court takes note of the fact that the 1947 Act, as well as its 1949 and 1951 amendments, specifically place time limitations in regard to the sales for which they make provisions. The absence of any such time limitation in the 1952 amendment is therefore obvious and we believe intentional, particularly in light of the different types of sales for which the 1952 amendment makes provision.

Moreover, there is a logical basis for imposing a statute of limitations on sales under the 1951 amendment but not on a simple public sale under the 1952 amendment. The public (upset) sale of the 1951 amendment may have as its upset or minimum price taxes which have been accruing for many years prior to the sale and which continue to accrue as each year passes, thereby making the property increasingly difficult to sell because of the high upset price. It is for this reason that a time limitation must be placed on such a sale so that any property which has not received a sufficient bid in the upset sale can then be sold at a judicial sale free and clear of claims, liens, etc.

However, under the simple public sale of the 1952 amendment, since there is no minimum or upset price to discourage the bidder, and since the tax claim bureau has discretion to hold either a simple sale or a judicial sale in the first instance, there is no need for such a statute of limitations.

We believe that the construction which we are following in the instant matter is supported by the Statutory Construction Act. Section 52(1) of that act states that in ascertaining the legislative intent there is a presumption "that the legislature did not intend a result that is absurd, impossible of execution or unreasonable": Act of May 28, 1937, P. L. 1019, art. IV, sec. 52, 46 PS §552.

It is clear from the terms of the 1952 amendment that the legislature intended that the tax claim bureau should have the choice of holding either a simple public sale or a judicial sale. However, if the exceptant's position is sustained and we were to hold that the bureau can no longer hold a simple public sale, the bureau would not have this choice and the legislative intent would be thwarted. We believe that such a result would be absurd and unreasonable.

We are therefore of the opinion that section 703 of

the Real Estate Tax Sale Law, as amended on January 18, 1952, supra, sets up a new type of simple public sale which the tax claim bureau may hold in its discretion in lieu of a judicial sale and it does not impose any time limitation for the holding of such sale.

### Order

And now, January 8, 1963, the within objections and exceptions to the confirmation of the sale of May 29, 1962, with regard to the sale of Parcel 6, are hereby dismissed and the confirmation of said sale on May 29, 1962, is made absolute.